THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANNE MAYO, Respondent. — Appeal by the People from an order of the County Court, Westchester County, dated November 1, 1973, which granted the People's motion to reargue and upon reargument adhered to its original decision and order dated September 11, 1973, and amended October 4, 1973, which order granted defendant's motion to dismiss the indictment. Order reversed and the indictment reinstated. Defendant was indicted for grand larceny in the second degree. The indictment alleged that the defendant, between February 1, 1973 and March 9, 1973, by a common scheme and plan, stole from the New York Thruway Authority current moneys of the United States of America. Following an inspection of the Grand Jury minutes at defendant's behest, the court below granted defendant's motion to dismiss the indictment. We disagree and reinstate the indictment. The minutes of the Grand Jury reveal that the defendant was an experienced toll taker at the Tappan Zee Bridge toll plaza. During the dates mentioned in the indictment, her records, which were kept by a sophisticated computer, established that she was 2,153 toll tickets short. That is, defendant failed to turn in that amount of toll tickets although she had punched a button for each car going through the lane to which she was assigned. We reject defendant's contention that the indictment is based on mere speculation and conjecture. Circumstantial evidence of guilt was sufficiently adduced here. The prosecution adequately explained the method of the scheme employed by defendant. By pushing the button marked commutation and taking cash which she ostensibly appropriated to herself, the defendant stole that revenue from the Thruway Authority. Furthermore, the Grand Jury was justified in disbelieving defendant's explanation that she, a toll taker with eight years' experience, either forgot to turn in the tickets or did not know that they had to be turned in. Certainly, the jury could have inferred that defendant was guilty of the crime especially in light of her attempt to flee when confronted by a police officer. Defendant's other contention, i.e., that the prosecution has failed to prove the value of the property stolen, is untenable. Defendant submits that the tickets have little, if any, value since they are paid for prior to the time they are submitted to the toll taker. Apparently, defendant has misconstrued the thrust of the indictment which charges her with the thefts of money, not tickets. The value of the tickets is not relevant. Since it was shown that defendant was 2,153 commutation tickets short and that in lieu of the ticket one dollar would be collected from a passing vehicle, the value of the property stolen was adequately established. The evidence submitted to the Grand Jury was both competent and admissible and established a direct link between the alleged crime and the defendant. Accordingly, the order of the court should be reversed and the indictment reinstated. Shapiro, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Benjamin, J., dissents and votes to affirm.